Argued and submitted May 16, 1983, affirmed September 18, reconsideration denied
November 8, petition for review allowed December 3, 1985 (300 Or 367)
See 301 Or 48, 718 P2d 738 (1986)

PIERSON,
*Appellant,*

*v.*

MULTNOMAH COUNTY,
*Respondent.*

(A 8210-06522; CA A32764)

706 P2d 191

Elliot H. Holden, Portland, argued the cause and filed the brief for appellant.

Jane Ellen Stonecipher, Assistant County Counsel, Portland, argued the caused for respondent. With her on the brief was John B. Leahy, County Counsel and J. Michael Doyle, Portland.

Before Gillette, Presiding Judge, and Van Hoomissen and Newman, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is a civil action which plaintiff labels false imprisonment. Plaintiff appeals from a judgment for defendant after a jury trial. The question on appeal involves the liability of a police officer who, acting pursuant to an arrest warrant, arrests a person whose name is different from the name stated in the warrant. We affirm.

Officer Bjorem stopped plaintiff as he was driving his car. Bjorem was advised by police radio that there was a warrant outstanding for one Ronald Pierson and that the computer record showed that Ronald Pierson had used the name of Robert Pierson as an alias. When Bjorem told plaintiff that Bjorem intended to arrest him on the warrant, plaintiff insisted that the warrant was for his twin brother. He showed Bjorem his driver's license, Social Security card and vehicle registration, all of which identified him as Robert Pierson. Plaintiff's driver's license showed an identical birthdate to that given in the warrant for Ronald Pierson. Nevertheless, believing that plaintiff was the person named in the warrant, Bjorem arrested him. Plaintiff sued Multnomah County, Bjorem's employer. After his motion for a directed verdict on the issue of liability was denied by the trial court, the jury returned a verdict for defendant. Plaintiff assigns as error the denial of his motion for a directed verdict on the issue of liability.

In submitting the issue of liability, the trial court instructed the jury pursuant to *Restatement (Second) Torts* § 125 (1965):

> "An arrest under a warrant is not privileged unless the person arrested (a) is a person sufficiently named or otherwise described in the warrant and is, or is reasonably believed by the actor to be, the person intended * * *."

Under the Restatement test, the factfinder first views the warrant objectively to determine whether the person arrested was sufficiently named or otherwise described.[1] Second, the fact-finder determines whether the officer's belief that the person arrested was the person identified in the warrant was reasonable in the light of the data in the warrant, the officer's

---

[1] "Sufficiently named" does not mean "exactly named." *Restatement (Second) Torts* § 125, comments *c* and *f* (1965).

experience and other available and relevant information not found in the warrant.

Plaintiff agrees that, under the facts here, the Restatement test is appropriate.[2] He contends, however, that his arrest fails both parts of that test and that a directed verdict should have been entered in his favor on the issue of liability. He argues that the names Robert and Ronald are not so similar as to satisfy the "sufficiently named" aspect of the test. That may be so, but when combined with identical birth dates the similarity of the names raised a question of fact whether plaintiff was "sufficiently named or otherwise described." Plaintiff argues that, because he showed Bjorem his driver's license, his Social Security card and vehicle registration, all of which identified him as Robert Pierson, Bjorem could not have "reasonably believed" that plaintiff was Ronald Pierson. We disagree. Bjorem testified that it had been his experience as a police officer that persons using aliases had easy access to false identification. That experience, combined with the information that Ronald Pierson had used the name Robert Pierson as an alias, raised a question of fact whether Bjorem reasonably believed that plaintiff was the person named in the warrant. Thus, questions of fact existed under each aspect of the Restatement test. Questions of fact are for the jury to decide unless it can be determined that all reasonable minds could reach only one conclusion. See *Jones v. Oberg,* 52 Or App 601, 607, 628 P2d 773, *rev den* 291 Or 662 (1981). We find no error.

Affirmed.

---

[2] Plaintiff did not object to the trial court's instructions.